PAUL D. FRIEDMAN, AZ BAR NO. 12716
RONDA M. KELSO, AZ BAR NO. 23301
**BROWN, CROWELL, & FRIEDMAN, PLLC**
2141 East Broadway Road, Suite 211
Tempe, AZ 85282
(602) 262-4254
Litigation@4ALG.com
PFriedman@4Alg.com
RKelso@4Alg.com

*Attorneys for Plaintiff,*
RENE MADERA-FONT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RENE MADERA-FONT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA d/b/a UNITED STATES DEPARTMENT OF VETERANS AFFAIRS d/b/a NORTHERN ARIZONA VA HEALTH CARE SYSTEM, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE** |

Plaintiff Rene Madera-Font, alleges as follows:

## GENERAL ALLEGATIONS

1. This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. 1346(b), 2671-2680 *et seq*.

2. Pursuant to 28 U.S.C. 1391(a), venue is proper in the Judicial District where a substantial part of the events or missions giving rise to the claim occurred. In this action, Plaintiff Rene Madera-Font is bringing this suit based on improper medical care at Northern Arizona Veteran's Administration Health Care System in Prescott, Arizona. The lab studies were performed in Phoenix, Arizona. The venue is proper in the District Court of Arizona.

3. A Standard Form 95 for tort claim for damages for personal injury was filed on

behalf of Rene Madera-Font on November 30, 2021. This tort claim arose from acts and omissions that occurred at the Northern Arizona HC System in Prescott, Arizona.

4. The tort claim was held in abeyance until the decision was made on the FECA claim.

5. A Federal Employees' Compensation Act (FECA) claim was filed on behalf of Rene Madera-Font pursuant to section 8101 title 5 USC *et seq*.

6. The U.S. Department of Labor denied the FECA claim on June 2, 2022.

7. The Office of General Counsel provided notice of the denial of the Federal Tort Claim GCL 495963 on June 22, 2022, allowing for the filing of this lawsuit on or before December 22, 2022.

8. At all times relevant, Plaintiff Rene Madera-Font was a resident of Yavapai County, Arizona.

9. At all times relevant, Northern Arizona VA Health Care System was located in Prescott, Arizona, and is part of the United States Department of Veteran Affairs.

10. Northern Arizona VA Health Care System, its employees, physicians, nurses, physician assistants, agents, and representatives were at all times material, acting as agents and employees of Defendant United States of America d/b/a United States Department of Veterans Affairs, and were within the course and scope of their agency and employment, the Defendant United States of America.

11. Defendant United States of America is liable for the negligent acts and omissions of its employees, agents, and representatives acting within the course and scope of their employment and agency with the United States Department of Veteran Affairs and Northern Arizona VA Health Care System under the doctrine of *Respondeat Superior*.

## FACTUAL BACKGROUND

12. Rene Madera-Font is a licensed allopathic physician and double Board-Certified in Family Medicine and Emergency Medicine.

13. On January 20, 2019, Dr. Madera-Font was appointed as a physician with the Northern Arizona VA Health Care System.

14. On January 19, 2021, various blood studies were performed on behalf of Plaintiff by the Northern Arizona VA Health Care System.

15. The blood test was ordered and/or directed by a Physician Assistant ("PA"), employee and/or agent at the Northern Arizona VA Health Care System in Prescott, Arizona.

16. The PA as described in ¶ 15, *supra*, was not licensed by the Arizona Regulatory Board of Physician Assistants.

17. The results of the laboratory studies were not timely provided to Plaintiff.

18. Specifically, the elevated Prostate Specific Antigen ("PSA") of 16.9, was not timely provided to Plaintiff.

19. A Normal PSA for a 70-year old male is < 6.5 ng/mL.

20. This abnormally elevated PSA is indicative of prostate cancer.

21. Plaintiff became aware of the abnormally elevated PSA test provided on January 19, 2021, for the first time on or about July 1, 2021, when a subsequent PSA showed an elevation of his PSA at 31.

22. Upon learning that his PSA was 31 on or about July 1, 2021, Plaintiff drove to the Northern Arizona VA Health Care System in Prescott, Arizona, and was informed for the first time that his PSA on January 19, 2021 was 16.9.

23. Plaintiff immediately sought treatment for prostate cancer beginning on or about July 1, 2021.

24. On April 22, 2022, Plaintiff filed a FECA claim.

25. On April 26, 2022, the U.S. Department of Labor denied Plaintiff's FECA claim.

26. Dr. Madera-Font immediately sought treatment for the elevated PSA.

27. Based on prostate biopsy and further testing, Dr. Madera-Font was diagnosed with advanced prostate cancer, stage four, and more probable than not, terminal.

28. The survival rate for Plaintiff went from 95% as of January 19, 2021, to 20% as of July 1, 2021.

**FIRST CAUSE OF ACTION**

(Medical Negligence)

29. Paragraphs 1-28 are incorporated herein by reference.

30. Defendant established a patient-doctor relationship by having one of its employee medical providers order laboratory tests on Plaintiff.

31. Plaintiff relied on the patient-doctor relationship and understood there would be written communication of any abnormal findings with regard to the laboratory studies and results ordered by Defendant's employee and/or agents.

32. Defendant's employees and/or agents had a duty to complete the laboratory testing and communicate with the ordering employee and/or agent of Defendant in a reasonable time.

33. The laboratory and/or ordering employee and/or agent then had a duty to report the laboratory results to Plaintiff as part of its due care when providing health related services.

34. Defendant had a duty to institute policies and procedures to ensure all laboratory results were communicated to the ordering employees and/or agents in a timely manner.

35. Defendant had a duty to institute policies and procedures to ensure all laboratory results were then communicated to patients and/or employees in a timely manner

36. Defendant had a duty to institute policies and procedures to ensure abnormal laboratory results were communicated to the ordering employee and/or agent in a timely manner.

37. Defendant had a duty to institute policies and procedures to ensure abnormal laboratory results were communicated to patient and/or employees in a timely manner.

38. Since the policies and procedures as described in ¶¶ 34-37, *supra*, Defendant breached its standard of care by not following policies regarding conveying laboratory findings, including abnormal laboratory findings, to the ordering employee and/or agent, directly by the laboratory to Plaintiff, or by the ordering employee and/or agent directly to Plaintiff in a timely manner.

39. Failure to provide laboratory results and an explanation of those results in a timely manner is a breach in the standard of care.

40. Time is of the essence in diagnosing prostate cancer.

41. The conveyance to the patient or employee of the findings of a PSA of 16.9 after 48 hours of the laboratory findings as described in ¶ 18, *supra*, is below the applicable standard of care.

42. Defendant failed to communicate abnormal lab results to Dr. Madera-Font in a timely manner and breached the duty of patient care.

43. Defendant failed to enforce policies which require lab results to be reported to the patient.

44. The breach in the duty of patient care caused a delay in treatment of prostate cancer.

45. Plaintiff has engaged the services of other healthcare providers to provide care and treatment as a result of the delay in providing these critical lab results.

46. It is anticipated Plaintiff will incur additional health care costs and expenses related to the delay in diagnosis of the cancer.

47. Plaintiff has a decreased chance of survival due to the breach of the applicable standard of care.

48. Due to the untimely diagnosis, certain treatment options were eliminated which resulted in Plaintiff not being able to act as a physician for an extended period of time.

49. Plaintiff has suffered lost wages due to the delay in diagnosis and will continue to incur lost wages in an amount to be determined at trial.

WHEREFORE, Plaintiff, prays for judgment against Defendant, as follows:

1. For past and future general damages according to proof;
2. For past and future special damages to be incurred according to proof;
3. For other expenses to be proven at the time of trial;
4. For the lost opportunity for successful treatment of the prostate cancer;
5. For costs of suit and reasonable attorneys' fees incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 12th day of December, 2022.

                **BROWN, CROWELL, & FRIEDMAN, PLLC**

By: /s/ *Paul D. Friedman*
     Paul D. Friedman, Esq.
     Ronda M. Kelso, Esq.
     2141 East Broadway Road, Suite 211
     Tempe, AZ 85282
     Attorneys for Plaintiff Rene Madera-Font